FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 FEB 23 PM 5:14

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SUMIT CHAUDHARI,<br><br>Defendant. | 8:25CR70<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Lesley A. Woods, United States Attorney and Danielle Fliam, Assistant United States Attorney, and defendant, SUMIT CHAUDHARI, and James K. McGough, counsel for defendant, as follows:

## I
## THE PLEA

A.   CHARGES.

Defendant agrees to plead guilty to Counts V and VI of the Indictment. Counts V and VI each charge a violation of Title 18, United States Code, Section 1591(a).

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.   The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for additional sex trafficking, enticement, and exploitation crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offenses to which defendant is pleading guilty have the following elements:

1. Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means the named victims;
2. The defendant knew or recklessly disregarded the fact that the named victims were under the age of 18 years and would be caused to engage in a commercial sex act; and
3. The offense was in and affecting interstate commerce.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. That from on or about December 16, 2024, through January 6, 2025, in the District of Nebraska and elsewhere, in and affecting interstate commerce, three adults did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain MINOR VICTIMs 1 and 2 for the purpose of MINOR VICTIMs 1 and 2 engaging in commercial sex acts.
2. In furtherance of MINOR VICTIMS 1 and 2 engaging in commercial sex acts, the three adults arranged for MINOR VICTIMS 1 and 2 to be transported from Colorado to Omaha, Nebraska, specifically to the AmericInn hotel in Omaha, Nebraska.
3. In Omaha, Nebraska, the adults posted advertisements featuring MINOR VICTIMS 1 and 2, responded to inquiries to those ads, and arranged commercial sex acts between commercial sex buyers and MINOR VICTIMS 1 and 2.
4. The majority of these commercial sex acts occurred at the AmericInn hotel.
5. Defendant worked at the AmercInn hotel and was aware that MINOR VICTIMS 1 and 2 were present at the hotel.

6. The defendant further knew that the MINOR VICTIMS were engaging in commercial sex acts in the hotel and had so engaged on two separate occasions, in December of 2024 and in January of 2025.
7. Despite that knowledge, the defendant continued to harbor, obtain, and maintain MINOR VICTIMS 1 and 2 in the hotel.
8. MINOR VICTIMS 1 and 2 were instructed they had to have sex with the employees of the AmericInn in order to continue to rent out a room by one of the adults who had brought them to the hotel.
9. The defendant engaged in a commercial sex act with MINOR VICTIM 1 and provided $60 to one of the adults with MINOR VICTIM 1 in exchange for directing MINOR VICTIM 1 to have sex with the defendant.
10. That defendant knew or recklessly disregarded the fact that MINOR VICTIMs 1 and 2 were both female children under the age of 18 years old. Defendant also had a reasonable opportunity to observe both MINOR VICTIMs 1 and 2.

## III

## PENALTIES

A.   COUNTS V and VI. Defendant understands that the crimes to which defendant is pleading guilty carry the following penalties:

1. A mandatory minimum of 10 years up to life in prison;
2. A maximum $ 250,000 fine;
3. A mandatory special assessment of $100 per count;
4. A term of supervised release of at least 5 years up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.
6. Restitution may be ordered.

Further, the defendant understands that these penalties are per count.

# IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

In exchange for the Defendant's plea of guilty in this case, the Douglas County Attorney's Office has agreed to dismiss its case, docketed in the Douglas County District Court at CR25-764, which encompasses similar conduct.

Beyond that explicitly enumerated condition, this plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

# V

## SENTENCING ISSUES

A. **SENTENCING AGREEMENTS.**

The parties have no agreement as to the sentence of incarceration or supervised release to be imposed. The parties are free to argue for any sentence supported by law at the time of sentencing. Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B. **RESTITUTION.**

Defendant agrees to the following regarding restitution:

   a. Defendant shall pay restitution in an amount to be determined at sentencing as ordered by the Court.

   b. The amount of restitution ordered by the Court shall include all relevant conduct, including, but not limited to, all charged and uncharged criminal conduct alleged in the Indictment, and not limited to the counts of conviction.

   c. Defendant also shall pay the Special Assessment of $100 per count of conviction by submitting a satisfactory form of payment to the Clerk of the Court *prior to* appearing for the sentencing proceeding in this case.

    d. Restitution and Assessment payments shall be made payable to: Clerk, United States District Court, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

    e. The District Court Clerk will subsequently disburse Defendant's restitution payments to the following victims for losses in the following amounts:

| Victim | Victim Loss Amount |
|---|---|
| Minor Victim 1 | To be determined by the Court at sentencing |
| Minor Victim 2 | To be determined by the Court at sentencing |

    f. If incarcerated, Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule.

    g. Defendant will provide all of defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

C.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

    1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
    2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
    3. Fails to appear in court, or
    4. Engages in additional criminal conduct, or
    5. Attempts to withdraw the guilty plea, or
    6. Refuses to abide by any lawful court order, or
    7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted).**

**Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

D.  CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

G.  IMMIGRATION CONSEQUENCES.

Defendant is aware of and acknowledges that his plea pursuant to this plea agreement may have immigration consequences up to and including possible deportation.

VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) A claim of ineffective assistance of counsel.

    (b) A right to file a motion under Section 3582(c)(1)(A);

        1. the general right to file a compassionate release motion;

        2. the right to file a second or successive such motion; or

        3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
### BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
### SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
LESLEY A. WOODS
United States Attorney

2/23/26
Date

_for_ *Sean P. Lynch*     Sean P. Lynch
DANIELLE FLIAM
ASSISTANT U.S. ATTORNEY

2/10/26
Date

DARA DELEHANT
ASSISTANT DOUGLAS COUNTY ATTORNEY

2/5/26
Date

S.V. Chaudhari
SUMIT CHAUDHARI
DEFENDANT

2/5/26
Date

JAMES K. MCGOUGH
COUNSEL FOR DEFENDANT